# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ADAM HUPE,

        Plaintiff,

vs.

PHILIP C. MANI, an individual; RADIANT POINT LTD, a Texas limited company,

        Defendants.

Case No.: 2:16-cv-00533-GMN-VCF

**ORDER**

Pending before the Court is the Motion for Reconsideration, (ECF No. 16), filed by Plaintiff Adam Hupe ("Plaintiff"). Defendants Philip C. Mani and Radiant Point, Ltd. (collectively "Defendants") filed a Response, (ECF No. 17), and Plaintiff did not file a Reply. For the reasons set forth herein, Plaintiff's Motion for Reconsideration is **DENIED**.

## I.    BACKGROUND

Plaintiff filed his Complaint on March 9, 2016, alleging claims of breach of contract and breach of the implied covenant of good faith and fair dealing. (Compl., ¶¶ 25–40, ECF No. 1). On April 1, 2016, Defendants filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2), arguing that Plaintiff failed to establish the minimum contacts necessary to sustain personal jurisdiction over Defendants in Nevada. (Mot. to Dismiss 7:14–16, ECF No. 8). On July 12, 2016, the Court granted Defendants' Motion to Dismiss. (Order, ECF No. 14). In the instant Motion, Plaintiff seeks reconsideration on this issue, asserting that new evidence establishes the necessary minimum contacts for jurisdiction. (Pl.'s Mot. for Reconsideration 2:1–3, ECF No. 16).

/ / /

/ / /

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 60(b) permits a court to set aside its order for the following reasons:

1) mistake inadvertence surprise or excusable neglect;

2) newly discovered evidence that with reasonable diligence could not have been discovered in time to move for a new trial under Rule 59(b);

3) fraud;

4) the judgment is void;

5) the judgment has been satisfied released or discharged; or

6) any other reason that justifies relief.

The Ninth Circuit has limited the grounds for reconsideration into three primary categories: 1) newly discovered evidence; 2) the need to correct clear error or prevent manifest injustice; or 3) an intervening change in controlling law. *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001). In general, "a motion for reconsideration should not be granted, absent highly unusual circumstances." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003).

## III. DISCUSSION

Plaintiff argues that reconsideration is warranted based on a number of new factual assertions. It is well established that a motion for reconsideration "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marylyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009); *see also Coastal Transfer Co. v. Toyota Motor Sales, U.S.A., Inc.*, 833 F.2d 208, 212 (9th Cir. 1987) (stating that evidence in the possession of the party before the judgment was rendered is not newly discovered). Here, Plaintiff has failed to demonstrate how his assertions constitute "newly discovered evidence" for purposes of reconsideration. To the

1 contrary, Plaintiff's assertions are based almost entirely on his own personal knowledge and
2 could have been raised in response to the original Motion to Dismiss.
3     Accordingly,
4     **IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration, (ECF No. 16),
5 is **DENIED**.
6     **DATED** this __24__ day of March, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Judge